UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

JS-6

| | |
|---|---|
| Case No. 2:23-cv-10512-HDV-Ex | Date  March 1, 2024 |
| Title  *J.P. v. Eastern Revenue, Inc.* | |

Present: The Honorable   Hernán D. Vera, United States District Judge

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT [11] AND DENYING MOTION FOR SANCTIONS [12]

Before the Court are Plaintiff's Motion to Remand the Case to State Court ("Motion to Remand") [Dkt. No. 11] and Plaintiff's Motion for Sanctions Against Defendants Pursuant to 28 USC § 1927 ("Motion for Sanctions") [Dkt. No. 12]. For the reasons discussed below, the Court grants Plaintiff's Motion for Remand and denies Plaintiff's Motion for Sanctions.

**I.    Motion to Remand**

Plaintiff J.P. originally filed this case in Los Angeles Superior Court on October 30, 2023, asserting state law claims for (1) fraud by intentional misrepresentation; (2) fraud by negligent misrepresentation; (3) fraud by concealment; (4) unfair business practices under Cal. Bus. and Prof. Code §§ 17200, *et seq.*; breach of implied-in-fact contract; breach of implied covenant of good faith and fair dealing; and tortious interference with contract. Complaint for Damages ("Complaint") [Dkt. No. 1-1]. Plaintiff asserted no federal law claims. *Id.*

On December 15, 2023, Defendants Eastern Revenue, Inc. ("Eastern Revenue") and Kyle Shanahan removed the case on the basis of federal question jurisdiction. *See* Notice of Removal [Dkt. No. 1], ¶¶ 7-9. Plaintiff argues that Defendants' removal was improper because there is no basis for subject matter jurisdiction and, therefore, the case must be remanded. Motion to Remand at 1.

Federal courts are courts of limited jurisdiction with subject matter jurisdiction over only those suits authorized by the Constitution or Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Thus, when a suit originates in state court, a defendant may remove to

federal court only when the suit could have been filed in federal court originally. 28 U.S.C. § 1441(a). "The removal statute, 28 U.S.C. § 1441, allows defendants to remove when a case originally filed in state court presents a federal question or is between citizens of different states and involves an amount in controversy that exceeds $75,000." *Jackson v. Specialized Loan Servicing, LLC*, 2014 WL 5514142, at *6 (C.D. Cal. Oct. 31, 2014) (citing 28 U.S.C. §§ 1441(a), (b); *id.* §§ 1331, 1332(a)). "The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress." *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). "[T]he removal statute is strictly construed against removal jurisdiction," and the party invoking the removal statute bears the burden of establishing federal jurisdiction. *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citation omitted). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted), *overruled on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87-89 (2014).

Federal courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1332. A "case can arise under federal law in two ways." *Negrete v. City of Oakland*, 46 F.4th 811, 816 (9th Cir. 2022) (citing *Gunn v. Minton*, 568 U.S. 251, 257 (2013)) (internal quotation marks omitted). First, and "most directly, a case arises under federal law when federal law creates the cause of action asserted." *Id.* (citing *Gunn*, 241 U.S. at 257) (alteration and internal quotation marks omitted). Second, under the "substantial federal question branch" of federal question jurisdiction, *id.* at 817, there is "a special and small category of cases in which arising under jurisdiction still lies," *id.* at 816-17 (citing *Gunn*, 241 U.S. at 258) (internal quotation marks omitted). "Specifically, 'federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.'" *Id.* at 817 (quoting *Gunn*, 241 U.S. at 258).

Here, Defendants contend that the Court has subject matter jurisdiction because Plaintiff's Complaint, despite facially asserting only state law claims, presents substantial federal questions such that the case arises under the laws of the United States. Defendants' Opposition to Plaintiff's Motion for Sanctions and Remand ("Opp.") [Dkt. No. 21] at 7-8. Specifically, Defendants cite to several references to the Servicemembers Civil Relief Act (SCRA) and the Fair Debt Collection Practices Act (FDCPA) in Plaintiff's Complaint. Opp. at 6-7. For example, Plaintiff's Complaint states,

> Instead of advising Plaintiff of his protections and rights under Servicemembers Civil Relief Act (SCRA), Defendant Eastern and/or its agents engaged in a campaign of fraud to disarm Plaintiff from asserting his rights including, but not limited to, falsely alleging to Plaintiff that they were attorneys, and they were going to sue Plaintiff; threatening to informed [sic] Plaintiff's Chain of command that Plaintiff had a debt; threatening that they would prosecute Plaintiff under the Uniform Code of Military Justice; and/or that Plaintiff would lose his security clearance if Plaintiff's command found out about the alleged debt at issue in this Complaint.

Complaint ¶ 11. Invoking the SCRA, Plaintiff also alleges,

>Defendants took intentional acts designed to induce a breach or disruption of the contractual relationship by Defendant Eastern rejecting multiple payments by Plaintiff and permanently not allowing Plaintiff to make payments, by Defendant KYLE ordering that Plaintiff's [sic] be targeted and retaliated against for complaining of Defendant's Eastern's unlawful business practices by blocking his payments on Defendant Eastern's website; by All Defendants refusing to provide documents pursuant and in violation of the Fair Debt Collection Practices Act, 15 USC 1692g Sec. 809; ignoring Plaintiff's counsel multiple request for these documents, and by destroying the agreement between Defendant Eastern and Defendant Emmanuel giving Defendant Eastern authority to collect monies from Plaintiff.

Complaint ¶ 78.  In stating a claim under California's UCL law, Plaintiff alleges that Defendants' unfair business practices "deprived [Plaintiff] of his protections under the SCRA and earned monies and benefits," *id*. ¶ 49, and "provide[] an unfair advantage over [Defendants'] competitors who conduct business in the State of California and comply with their obligations to follow SCRA, California law, and federal law," *id*. ¶ 48.

Although Plaintiff references the alleged fact that Defendants' conduct violated the SCRA and FDCPA, Plaintiff does not run afoul of the artful pleading doctrine because his state claims stand independently from any potential violation of federal law.  *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475, 118 S. Ct. 921, 925, 139 L. Ed. 2d 912 (1998) ("Allied as an 'independent corollary' to the well-pleaded complaint rule is the further principle that 'a plaintiff may not defeat removal by omitting to plead *necessary* federal questions.'") (emphasis added) (citation omitted); *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 675 (9th Cir. 2012) ("When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim.").

None of Plaintiff's state law claims ***necessarily require*** this Court to decide whether Defendants violated the SCRA or the FDCPA.  The fact that Defendants allegedly failed to comply with these federal laws is a factual basis for several of Plaintiff's state law claims.  But Plaintiff also alleges several other factual bases for each state law claim.  None necessarily raise a federal question.  *Cf. Peters v. Alaska Tr., LLC*, 305 F. Supp. 3d 1019, 1024-25 (D. Alaska 2018) (finding Plaintiff's claim under Alaska's unfair competition law did necessarily raise a federal issue where the Alaska UCL claim "is entirely dependent upon a violation of the [FDCPA]" and Plaintiff's "complaint does not identify any other grounds for why Defendant's alleged conduct violate[d]" Alaska's unfair competition law).  That Plaintiff *could* have brought a claim under these federal statutes is not enough to confer federal court jurisdiction.  As the master of the complaint, a plaintiff may defeat removal by choosing not to plead independent federal claims.  *See e.g.*, *Fischer v. GMAC Mortg. LLC*, No. CV 12-03843 GAF JCGX, 2012 WL 2524266, at *3 (C.D. Cal. June 27, 2012) ("[W]hile the remedy sought by Plaintiff may be provided for under the SCRA, it is also appropriate under California law."); *see also Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 675 (9th Cir. 2012) ("[M]ere references to federal law in UCL claims do not convert the claim into a federal cause of action.") (citation omitted).

In short, because no federal issue is "necessarily raised" by Plaintiff's claims, the Court finds that Plaintiff's Complaint does not assert claims arising under federal law. *Negrete*, 46 F.4th at 818 (explaining "all four [] requirements" of arising under jurisdiction must be met for jurisdiction to be proper); *id*. (for arising under jurisdiction, a federal issue must be "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress").[1]  For the reasons discussed above, Court concludes that there is no subject matter jurisdiction.  Plaintiff's Motion to Remand is granted.

### II.     Motion for Sanctions

For Defendants' removal of Plaintiff's Complaint to federal court, Plaintiff seeks sanctions under 18 U.S.C. § 1927.  Section 1927 provides, "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  Here, although the Court has ultimately determined that subject matter jurisdiction is lacking, the Court cannot find that Defendants' removal was frivolous or filed to harass or create delay.  Plaintiff's Motion for Sanctions is denied.

**IT IS SO ORDERED.**

---

[1] Nor would these federal issues be "substantial" for arising under jurisdiction.  Even were the federal issues in Plaintiff's complaint significant to the immediate suit—which they are not—"the substantiality inquiry ... looks [] to the importance of the issue to the federal system as a whole." *Gunn v. Minton*, 568 U.S. 251, 260, 133 S. Ct. 1059, 1066 (2013).  For example, a federal issue may be substantial where state adjudication of the federal issue would "undermine the development of a uniform body of [federal] law." *Id*. at 261.  Those concerns simply do not apply here.

Moreover, because consumer protection and matters of contract have been traditionally handled by states, exercising jurisdiction over cases like the present one arguably would disrupt the federal-state balance.  *See Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 676 (9th Cir. 2012) ("State courts frequently handle state-law consumer protection suits that refer to or are predicated on standards set forth in federal statutes.  Exercising federal question jurisdiction over any state law claim that references a federal consumer protection statute would 'herald[ ] a potentially enormous shift of traditionally state cases into federal courts.'").